UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| HARWINDER SINGH SANDHU,<br><br>Petitioner,<br><br>v.<br><br>KEVIN CHAPPELL, et al.,<br><br>Respondents. | No.  2: 14-cv-2459 KJN P<br><br><br><br>ORDER |

Petitioner, a state prisoner proceeding without counsel, has filed a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254, together with an application to proceed in forma pauperis.  Petitioner consented to the jurisdiction of the undersigned.  (ECF No. 4.)

Examination of the in forma pauperis application reveals that petitioner is unable to afford the costs of suit.  Accordingly, the application to proceed in forma pauperis will be granted.  See 28 U.S.C. § 1915(a).

Petitioner challenges his 2008 conviction in the Sacramento County Superior Court for aggravated mayhem in violation of California Penal Code § 205.  For the following reasons, the undersigned orders this action dismissed on grounds that petitioner is not entitled to relief.  See Rule 4, Federal Rules Governing Section 2254 Cases (if it plainly appears that the petitioner is not entitled to relief, the district court may dismiss the petition.)

////

Petitioner alleges that his plea agreement was violated by a miscalculation of his minimum eligible parole date ("MEPD").  In particular, petitioner alleges that in 2008, he was sentenced to life with the possibility of parole in 7 years. (ECF No. 1 at 10-11.)  Petitioner alleges that he was told that he would be eligible for parole almost immediately based on the local conduct credits he had earned. (Id. at 11.)   Petitioner alleges that, in breach of his plea agreement, he did not earn any of the conduct credits. (Id.)  Petitioner had his first parole eligibility hearing on November 24, 2014. (Id. at 11.)  Petitioner alleges that he would have had his first parole eligibility hearing much sooner had he been properly awarded the local conduct credits.[1]

Attached as an exhibit to the petition is the transcript from petitioner's change of plea hearing.  The prosecutor described the plea agreement as follows:

> Your Honor, we have reached a resolution in this case.  At this time, the People are going to move the Court for permission to orally amend the amended information with regard to Count Two to allege a violation of Penal Code Section 205, aggravated mayhem, instead of Penal Code Section 203 mayhem.
>
> The disposition in this case is the defendant would plead to the orally amended Count two, aggravated mayhem, for a term of life imprisonment.
>
> Additionally, the defendant would admit the deadly dangerous weapon allegation under Penal Code section 12022(b)(1) for Count Two as well.

(Id. at 25-26.)

While taking petitioner's plea, the trial court advised petitioner that with regard to Count Two, petitioner would be sentenced to a life offense with a minimum term of seven years before he was eligible for parole. (Id. at 28.)  However, because petitioner could be sentenced to a one year consecutive sentence for the weapons enhancement, he could possibly be eligible for a parole suitability hearing in 8 years. (Id. at 29.)  The trial court also advised petitioner that if he went to trial and was convicted, he would be looking at a term of 16 years to life. (Id. at 33.)

---

[1] Petitioner is not claiming that he would have been found suitable for parole and released sooner than 7 years had conduct credits been properly awarded.

1   Also attached as an exhibit to the petition is a transcript from petitioner's sentencing

2   hearing.  At this hearing, the trial court sentenced petitioner to life with the possibility of parole as

3   to count two.  (Id. at 44.)  The trial court stated that because petitioner had been in custody for

4   some time, he "may have a hearing with the parole authorities not too far in the distant future."

5   (Id.)  The trial court ordered the sentence for the weapons enhancement to run concurrent.  (Id.)

6   The trial court then stated that petitioner had 1881 days of credit for the time spent in local

7   custody, and confirmed that he would become eligible for parole in 7 years.  (Id. at 44-45.)

8   Petitioner later filed a habeas corpus petition in the Sacramento County Superior Court

9   raising the claim raised in the instant petition.  On June 20, 2014, the Superior Court denied this

10  claim for the reasons stated herein:

> The bargain in this case was a plea to aggravated mayhem in exchange for a sentence of life in prison with the possibility of parole, and the remaining charges in the case dismissed.  The court stated that defendant's eligibility for parole would begin in seven or eight years.  Eligibility for parole means that defendant can appear before a panel of the Board of Parole Hearings (BPH) so that it can consider whether he is suitable for parole; it does not mean that defendant will be paroled.  The court explained this when it stated that it was completely within the discretion of the parole authorities to determine whether defendant was eligible for parole.  The court also stated that, in light of the amount of time defendant had been in custody, he "may" have a parole hearing "not too far in the distant future."  This is obviously not a promise that a hearing will occur at a specific date.
>
> Parole eligibility was not a condition of the plea agreement because parole is controlled, as the court explained, by parole authorities, not the court or the parties.  Defendant bargained for, and received, a life sentence with the possibility of parole.  He has now had an initial parole suitability hearing.  The timeliness of the hearing does not affect defendant's plea agreement.

22  (Id. at 68-69.)

23  On June 20, 2014, the Superior Court separately issued an order addressing petitioner's

24  claim that he was not awarded proper credits:

> The petition for writ of habeas corpus has been filed, and the part of the petition that seeks additional pre-sentence time credits is construed as a motion.  Petitioner's time credits will be revised as described below.  His remaining claims are addressed in a separate order.

28  ////

> Time credits were never mentioned while the prosecutor was describing the proposed plea agreement for defendant, and they were not part of that agreement. Nonetheless, credits must be corrected when the court is notified of an error. Petitioner spent 1680 days in jail prior to sentencing. He also spent 201 days in the state hospital for treatment following a finding of incompetency. Under Penal Code section 2933.1, he is entitled to 15 per cent conduct credits on the 1680 days. He is entitled to no conduct credits on his time in the state hospital. (People v. Waterman (1986) 42 Cal.3d 565.)

(Id. at 64.)

A criminal defendant has a due process right to enforce the terms of a plea agreement between himself and the state. See Santobello v. New York, 404 U.S. 257, 261–62 (1971). "[W]hen a plea rests in any significant degree on a promise or agreement of the prosecutor, so that it can be said to be part of the inducement or consideration, such promise must be fulfilled." Id. at 262. Plea agreements are construed using ordinary rules of contract interpretation. Brown v. Poole, 337 F.3d 1155, 1159 (9th Cir. 2003). The language of the plea agreement and the conduct of the parties during the plea colloquy must be examined to determine the intent of the parties. Id. at 1160. The construction and interpretation of state court plea agreements are, "within broad bounds of reasonableness," governed by state law. Ricketts v. Adamson, 483 U.S. 1, 5 n.3 (1987); Buckley v. Terhune, 441 F.3d 688, 695 (9th Cir. 2006).

After reviewing the record, the undersigned agrees with the Superior Court that neither parole eligibility nor time credits were part of petitioner's plea agreement. The transcript from the change of plea hearing indicates that petitioner plead guilty in exchange for a life sentence. Petitioner's claim that his plea agreement included terms concerning time credits and the calculation of his minimum eligible parole date is not supported by the record.

Accordingly, IT IS HEREBY ORDERED that:

1. Petitioner's application to proceed in forma pauperis (ECF No. 2) is granted;

2. This action is dismissed.

Dated: January 12, 2015

_____
KENDALL J. NEWMAN
UNITED STATES MAGISTRATE JUDGE

Sand2459.dis